# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) CR608-019 | |
| | ) | |
| GRADY HILL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Guilty-plea convicted of possession of a firearm as a career criminal, subject to an armed career criminal enhancement, Grady Hill was sentenced to 206 months' imprisonment in June 2009. Docs. 29 & 30. He took no appeal and filed no motion to vacate his sentence, but sought -- and was granted -- a reduction of his sentence. Docs. 31 & 32 (reducing his sentence to 180 months pursuant to Rule 35 and 18 U.S.C. § 3553(e)). Now, eight years later, Hill has filed a "Rule 60(b)(6) motion . . . based on a new theory of why the [armed career criminal] enhancement should not apply." Doc. 33 at 1.

First, as the Government's response points out, Rule 60(b) is simply inapplicable in a criminal case. *See* doc. 34 at 2 (quoting *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998), *United States v. Zuluaga*, 192 F. App'x 944, 945 (11th Cir. 2006), and *United States v. Whisby*, 323

F. App'x 781, 782 (11th Cir. 2009)). Nevertheless, "it does not matter how the prisoner labels his pleading." *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). Given the complexity of federal post-conviction law, "[o]ften a prisoner will file a motion under Rule 60(b) of the civil rules . . . but the ground of the motion and the relief he seeks will mark the motion as functionally . . . a motion under section 2255 . . . ." *Id.* That's the case here. But before considering the merits of his claim, construed as a § 2255 motion, he requires a *Castro* warning.[1]

Pursuant to *Castro*, the Court warns Hill that it will recharacterize his motion as a § 2255 motion. If he chooses to proceed with it, he will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. He thus has three choices: (1) have his motion ruled upon as filed, but as a § 2255 motion; (2) amend the motion to include any other claims he may have; or (3) withdraw the motion entirely. He has thirty days to decide what to do.

---

[1] *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016).

If he does not thereafter affirm, supplement, or replace his original motion or notify this Court of his intent to withdraw it, the Court will proceed to rule on it as a § 2255 motion.

Accordingly, the Court **DIRECTS** Hill to make his *Castro* election within 30 days of service of this Order. Finally, the Clerk is **DIRECTED** to furnish him with a § 2255 motion form, should he wish to amend his motion.

**SO ORDERED,** this __19th__ day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA