# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By Ericka Sharpe at 3:12 pm, Jan 04, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR608-019 |
| | ) | |
| GRADY HILL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Guilty-plea convicted of possession of a firearm as a career criminal, subject to an armed career criminal enhancement, Grady Hill was sentenced to 206 months' imprisonment in June 2009. Docs. 29 & 30. He took no appeal and filed no motion to vacate his sentence, but did seek -- and was granted -- a reduction of his sentence. Docs. 31 & 32 (reducing his sentence to 180 months pursuant to Rule 35 and 18 U.S.C. § 3553(e)). Now, eight years later, and well outside the one-year statute of limitations to file a 28 U.S.C. § 2255 motion to vacate or alter his sentence, Hill has filed a "Rule 60(b)(6) motion . . . based on a new theory of why the [armed career criminal] enhancement should not apply." Doc. 33 at 1.

Hill was warned that "[a]n attack on this Court's substantive 'previous resolution of a claim on the merits'" would be construed as a 28 U.S.C. § 2255 motion to vacate his sentence and given leave to amend or

withdraw his motion.  Doc. 33 at 1-2 (giving warning pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2005)).  He has not responded, so the Court screens his motion under Rule 4 of the Rules Governing Section 2255 Proceedings.

The Court entered judgment against movant on June 29, 2009, doc. 30, and Hill had one year from the date his conviction became final to seek § 2255 relief.  28 U.S.C. § 2255(f).  He had until June 29, 2010, to file his notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment).  Since he filed no appeal, Hill's conviction became final and § 2255(f)'s one-year clock began to tick on June 29, 2010.[1]  He did not file the present § 2255 motion, however, until June 22, 2017, which is 7 years too late.  Doc. 33.  Hill offers

---

[1]  As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

no explanation for the delay.[2]  Hence, his motion is time-barred unless he can show an exception, like a new rule of law retroactively available to him.  *See* 28 U.S.C. § 2255(f).

Hill argues that his motion is timely because, pursuant to the Supreme Court's recent holdings invalidating the residual clause of the Armed Career Criminal Act (ACCA), his ACCA-enhanced sentence is invalid because his predicate offenses (possession with the intent to distribute cocaine) "do[ ] not match the federal generic definition based on Taylor v. U.S. 495."  Doc. 33 at 2.  But the only *retroactive* Supreme Court case affecting an ACCA enhancement is *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *See Welch v. United States*, 136 S. Ct. 1257 (2016) (holding *Johnson* retroactive).  And any postconviction challenge based on that retroactive rule had to be made within one year of the ruling.  *See* 28 U.S.C. §§ 2244(d)(1); 2255(f)(3).  Hill's motion was not signature-filed until June 13, 2017 (doc. 33 at 4) -- two years after the *Johnson* decision

---

[2]  "The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)).

was published (on June 26, 2015).[3]  Because he cannot use the limitations

period found at § 2255(f)(3), Hill's motion remains untimely.[4]

Accordingly, Hill's § 2255 motion should be **DENIED**.  Applying the

Certificate of Appealability (COA) standards set forth in *Brown v. United*

---

[3]  *Welch*, of course, was published on April 18, 2016, so even were Hill to argue that it triggered the one-year countdown he would be out of time.  And his citation to *Mathis v. United States*, 136 S.Ct. 2243 (2016), doc. 33 at 2, which announced no new substantive rule, does *not* apply retroactively.  *See, e.g., Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016); *United States v. Taylor*, 672 F. App'x 860 (10th Cir. 2016); *Bable v. United States*, 2017 WL 2181099 at *4 (S.D. Ga. May 18, 2017); *Davis v. United States*, 2017 WL 1362795 at *4 (S.D. Ga. Mar. 16, 2017).  Thus, Hill is not entitled to relief pursuant to *Mathis*, as this decision does not trigger the limitations period found in Section 2255(f)(3).

[4]  His motion also fails on the merits.  The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both."  18 U.S.C. § 924(e)(1).  The *Johnson* decision held that that the "residual clause" of the ACCA, which provided a nebulous catchall for "violent felonies," was unconstitutionally vague.  *See* 135 S. Ct. 2551, 2557.  It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" as defined by ACCA provisions other than the residual clause.  After *Johnson*, enhancements based on those offenses remain valid.  *United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015).

A "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).  Convictions for possession with intent to distribute cocaine in violation of O.C.G.A. § 16-13-30(b), (d), which provide a maximum penalty of 30 years' imprisonment for the delivery, distribution, or sale of cocaine and the possession of cocaine with intent to distribute, are indisputably "serious drug offenses" under the ACCA and thus unaffected by the Supreme Court's decision in *Johnson* or *Mathis*.  *See, e.g., Williams v. United States*, 2018 WL 771336 at *14 (S.D. Ga. Feb. 7, 2018).

*States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

**SO REPORTED AND RECOMMENDED,** this __4th__ day of January, 2019.

_____

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA