IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| GRADY RASHARD HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CR 608-019 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Grady Rashard Hill filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion raises two ineffective assistance of counsel claims, one of which asserts counsel failed to file an appeal after Petitioner instructed him to do so. Based on the evidence of record, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to the other claim, the judgment in Petitioner's underlying supervised release revocation proceedings be **VACATED**, an identical sentence be **RE-IMPOSED**, and this case be **CLOSED**.

## I.    BACKGROUND

### A.    Original Conviction and Sentence

On June 25, 2009, United States District Judge B. Avant Edenfield sentenced Petitioner to 206 months of imprisonment to be served concurrently with his state sentence, five years of supervised release, a $2,500 fine, and a $100 special assessment for possession of a firearm by

a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (Doc. nos. 26, 28, 30.)  This sentence included an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the judgement was entered on June 29, 2009.  (Doc. no. 30.)  On May 22, 2013, upon the government's motion, Judge Edenfield reduced Petitioner's sentence to 180 months based on his substantial assistance in the investigation and prosecution of others.  (Doc. nos. 31, 32.)  Petitioner thereafter filed a post-conviction motion construed as a motion to vacate under 28 U.S.C. § 2255, which Chief United States District Judge J. Randal Hall denied on January 23, 2019.  (See docs. 33, 36, 37, 38.)  Petitioner also filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which Judge Hall denied on July 24, 2020.  (Doc. nos. 41, 45.)

### B.      Revocation of Supervised Release and Sentence

On July 8, 2022, Petitioner's five-year term of supervised release began.  (Doc. no. 46, p. 1.)  By petition dated November 27, 2024, the U.S. Probation Office accused Petitioner of six supervised release violations:  (1) securing an auto loan without the approval of the probation office in July 2022; (2) leaving the judicial district without permission by traveling to Jacksonville, Florida, on June 3, 2024; (3) committing the crimes of failure to maintain lane and trafficking in cocaine, illegal drugs, marihuana, and methamphetamine on November 19, 2024; (4) leaving the judicial district without permission by traveling to Jacksonville, Florida in or around November 2024; (5) possessing controlled substances in November 2024; and (6) failing to pay his fine in accordance with the Court's Schedule of Payments, with arrears of $790.80.  (Id. at 1-3.)

The Court appointed attorney Mr. Troy W. Marsh, Jr., to represent Petitioner during the revocation proceedings.  (Doc. no. 53.)  Prior to his final revocation hearing, Petitioner

stipulated to violations 1, 2, 4, and 6. (Doc. no. 64.) Following a final revocation hearing on May 28, 2025, Judge Hall found Petitioner committed violations 3 and 5 and revoked Petitioner's supervised release. (Doc. no. 65.) Based on a criminal history category of VI, the probation office calculated a guideline range of 51 to 63 months for the grade A violations. (Doc. no. 61, p. 1.) However, because the maximum statutory term of imprisonment was 60 months, the Petitioner's adjusted range for imprisonment upon revocation was adjusted to 51 to 60 months. (Id.) Petitioner did not file any objections to the sentencing calculation. (Doc. no. 65.) Judge Hall imposed a sentence of 54 months imprisonment with no supervision to follow. (Id.; see also doc. no. 67.)

### C. §2255 Proceedings

Petitioner filed the instant § 2255 motion, raising two ineffective assistance of counsel claims regarding the revocation proceedings:

(1) Counsel failed to conduct a meaningful investigation through which he would have discovered the revocation petition failed to name a controlled substance; and

(2) Counsel failed to file a direct appeal after being instructed to do so.

(Doc. no. 68.)

Petitioner attached a copy of an email from Mr. Marsh to his § 2255 motion, in which Mr. Marsh wrote, "Tell [Petitioner] that he does not have any non-frivolous grounds to file an appeal. Tell him to call me if he wants to discuss it." (Id. at 27.) The Court directed Respondent to file its response to Petitioner's § 2255 motion. (Doc. no. 69.) On April 15, 2026, after consulting with Mr. Marsh and confirming the authenticity of the email, Respondent conceded Petitioner is entitled to an out-of-time appeal because Mr. Marsh failed

to consult with Petitioner about the possibility of an appeal after sentencing. (See doc. no. 70, pp. 2-4.)

## II.      DISCUSSION

### A.      Petitioner's Burden Under Strickland v. Washington

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Armstrong, 546 F. App'x 936, 940 (11th Cir. 2013); see also Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (holding that Strickland test applies to ineffective assistance claim alleging failure to file an appeal). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial.

Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under the prejudice prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### B.      Petitioner Is Entitled to An Out of Time Appeal

Respondent concedes Petitioner is entitled to an out-of-time appeal because Mr. Marsh failed to consult with Petitioner after sentencing. (Doc. no. 70, pp. 2-4.) All defense counsel have a general duty to consult about an appeal, including informing a client about the right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal. Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007); see also Wedgeworth v.

United States, No. 2:07-CR-515, 2020 WL 5749983, at *1-7 (N.D. Ala. Sept. 25, 2020) (analyzing ineffective assistance of counsel claim for failure to file an appeal as instructed in supervised release revocation context). Despite this general duty, the Supreme Court has specifically declined to adopt "a bright-line rule that counsel must always consult with the defendant regarding an appeal." Flores-Ortega, 528 U.S. at 480. That Mr. Marsh may not have seen any viable appellate issues does not vitiate the duty to explain the appellate process, describe the advantages and disadvantages of filing an appeal, and explain his obligation to file an appeal if Petitioner so desired. Thompson, 504 F.3d at 1207.

Where, as here, a court determines an out-of-time appeal is the proper remedy in a § 2255 proceeding, the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(l)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court recommends these procedures to reinstitute Petitioner's right to appeal. After reimposition of Petitioner's sentence, Petitioner will have fourteen days in which to file a notice of appeal.

Petitioner must inform the Court during the objections period following issuance of this Report and Recommendation whether he intends to: (1) proceed *pro se*; (2) retain counsel; or (3) seek appointed counsel from the Court. Should Petitioner elect to seek appointed counsel, he **MUST** complete and return the enclosed CJA 23 Financial Affidavit by the close of the

objections period.[1]  If Petitioner qualifies, the Court will appoint counsel for his appeal.  In the event Petitioner fails to respond, the Court will presume Petitioner is not seeking Court-appointed counsel, and Petitioner will be responsible for having the notice of appeal timely filed within fourteen days after the entry of the new judgment.

In light of the recommendation Petitioner be allowed to file an appeal, the Court declines to address Petitioner's remaining ineffective assistance of counsel claim and recommends that claim be dismissed without prejudice.  See United States v. Wiles, 563 F. App'x 692, 695 (11th Cir. 2014) (directing petitioner to raise in properly filed § 2255 motion ineffective assistance claims not addressed by District Court granting relief on lost appeal claim).

III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to the other claim, the judgment in Petitioner's underlying supervised release revocation proceedings be **VACATED**, an identical sentence be **RE-IMPOSED**, and this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of April, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court **DIRECTS** the **CLERK** to attach a CJA 23 Financial Affidavit to Petitioner's copy of this Order, stamped with this case number.